RICHARD T. URBAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Urban v. Commissioner
Docket No. 19677-82.
United States Tax Court
T.C. Memo 1984-85; 1984 Tax Ct. Memo LEXIS 590; 47 T.C.M. (CCH) 1130; T.C.M. (RIA) 84085; February 22, 1984. Richard T. Urban, pro se. Robert Glienke and Dennis Perez, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code [1] and Rules 180 and 181 of the Tax Court's Rules of Practice and Procedure. The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case *592 is before us on respondent's oral motion to dismiss for failure properly to prosecute. Respondent determined deficiencies in petitioner's Federal income texes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1979
$4,682.92
$1,170.73
$234.15
$196.68
1980
4,911.74
1,227.93
245.59
314.35
The deficiency notice computation to petitioner, who failed to file an income tax return for either of the years in question, was based upon the filing status of a single taxpayer, one personal exemption and no allowance for dependents and no allowance for any excess itemized deductions. Petitioner timely filed a petition with this Court in which he alleged that his residence was Colton, California. In addition, petitioner made tax-protestor type allegations in his petition that he was not required to file an income tax return or pay an income tax for 1979 and 1980, that he did not volunteer to self-assess himself for taxes, that he was not in receipt of gain or profit, that he enjoyed no grant of privilege or franchise and that he received nothing of a known tangible value. The Court takes judicial notice of the fact *593 that petitioner is one of a large group of persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [2]
At the call of the calendar, petitioner responded, requesting the Court to assure him that all of his constitutional rights would be protected, an assurance readily made by the Court. Needless to say, petitioner's view of his constitutional rights and those of this and other courts which have considered the matter are in substantial conflict. Thus, petitioner demanded assistance of his counsel of choice, a non-lawyer not admitted to the bar of this Court. His request was denied. He demanded a trial by jury, a request of his which had previously been denied and which was once again denied. Petitioner then attacked the jurisdiction of the Special Trial Judge to hear this matter, alleging correctly that she was enrolled as an active member of the State Bar of California, that this Court was a court of record, and concluding therefrom that she was in violation *594 of Art. VI, Section 9 of the California Constitution. Petitioner also alleged that the Internal Revenue Code had never been enacted by Congress and that he therefore could not have any tax liability. This Court at the calendar call repeatedly asked petitioner if he was prepared to try his case based upon evidence about his income, his deductions and his credits. Petitioner, who had not responded to the request of respondent to go over such matters for stipulation purposes prior to trial, refused to advise the Court (despite repeated urgings of the Court to do so) that he would present such information at a trial in the matter herein. Thereupon he was informed that a decision would be entered against him and in favor of the respondent based upon his failure to prosecute properly, his failure to stipulate as required by the Rules of this Court and that in addition damages under section 6673 would be awarded to the United States against petitioner for instituting this action for purposes of delay. This matter might well have been dismissed upon a motion by respondent to dismiss for failure to state a claim upon which relief can be afforded. The petition herein alleges no factual *595 or legal questions which would require a trial. Respondent, however, chose to have available in the courtroom persons who would go over any evidence of income, deductions and credits which petitioner and others similarly situated might wish to present. Unfortunately, petitioner, as well as most of the other petitioners in this calendar call, chose not to take advantage of this opportunity which respondent afforded them. Thus, petitioner might well have been able to reduce the tax liability shown on the deficiency notice had he been willing to provide information about dependents, itemized deductions or credits against his tax liability. Petitioners questioned this Judge's eligibility to hear their case claiming that under the California constitution her membership in the California bar made her ineligible to sit on a court of record. The California constitution states that "no justice or judge of a court of record shall practice law in or out of court during his continuance in office." Cal. Const. art. VI, sec. 18. Clearly, the United States Tax Court is a court of record. Sec. 7441. We note that by its own language, art. VI, section 18 is applicable only to various California *596 state courts. However, even if Article VI, section 18 of the California constitution were applicable to this Court. mere bar membership does not in itself constitute the practice of law. The practice of law refers to the performing of some service whether it be legal advice, the preparation of documents or appearing in court. State Bar of California v. Superior Court in and for Los Angeles County,207 Cal. 323, 278 P. 432 (1929), rather than bar membership alone. Furthermore, California Business and Professions Code section 6002 (West 1954) states: "The members of the State Bar are all persons admitted and licensed to practice law in this State except justices and judges of courts of record during their continuance in office." Thus, Special Trial Judge Buckley is no longer defined as a member of the California bar even though she paid dues thereto. She clearly was duly commissioned as a Special Trial Judge of this Court, and duly assigned to hear this matter. Petitioner's contentions are frivolous in the extreme. The petitioner's argument that the Internal Revenue Code was not enacted by Congress is equally meritless. The Internal *597 Revenue Code of 1954 was enacted by the 83d Congress on August 16, 1954 (ch. 736, 68A Stat. 3) and has been amended by Congress with some frequency since that time. [3]
Petitioner was advised at the call of the calendar that he was obliged to file income tax returns (secs. 6011, 6012) and pay the tax shown thereon, that he fell within the defintion of a taxpayer (sec. 7701(a)(14)), that compensation received for services represents gross income to him (sec. 61) and he was advised to take advantage of respondent's offer to allow additional exemptions and deductions where applicable. He and other petitioners who attended the call of the calendar were advised that they had engaged in a costly folly (see Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983)) and urged to do all possible to lessen the financial damage to *598 themselves. Petitioner was also advised of the provisions of section 6673 of the Code giving this Court authority to award damages in favor of the United States when it appears that proceedings have been instituted merely for delay. Nevertheless, petitioner chose not to heed these admonishments and engaged in an additional course of delay of the proceedings of this Court during the call of the calendar. A notice of deficiency is ordinarily presumed correct, and the taxpayer has the burden of proving that respondent's determination of his taxable income is erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has been more than adequately warned of the consequences of his refusal to stipulate or present evidence herein. He has been clearly advised that his legal arguments are frivolous. See Rowlee v. Commissioner, supra.He has nevertheless refused to prosecute his case or to offer evidence in regard to it. Rules 123(b) and 149(b), Tax Court Rules of Practice and Procedure, provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal. For failure of a petitioner *599 properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof:Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. Furthermore, the pleadings herein indicate that petitioner has failed to state a claim upon which relief can be afforded. Rule 120, Tax Court Rules of Practice and Procedure. The petition will be dismissed for petitioner's failure properly to prosecute or to produce evidence. Additionally, we find that petitioner instituted this proceeding for purposes of delay and in order to present time-worn, well-rejected frivolous *600 claims and therefore damages under section 6673 in the amount of $500 will be awarded to the United States. Petitioner is advised that for petitions filed in this Court after December 31, 1982, section 6673 permits this Court to impose damages up to $5,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See, e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576↩.
3. Apparently, petitioner (or his advisors) in reviewing Title 26 of the United States Code noted that Title 26 is not listed in the preface as among those titles enacted into positive law. The only effect of this is that Title 26 is only prima facie the law and the Internal Revenue Code is the authority to be cited.↩